UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ALI R. POORSINA,<br><br>    Plaintiff,<br><br>vs.<br><br>TAN TSENG, et al.,<br><br>    Defendants. | Case No: 20-cv-09122 SBA<br><br>**ORDER: (1) GRANTING MOTION TO SET ASIDE THE ENTRY OF DEFAULT; (2) DENYING MOTION FOR DEFAULT JUDGMENT; AND (3) DENYING MOTION TO CONSOLIDATE CASES**<br><br>Dkt. 34, 37, 40, 59 |

    Plaintiff Ali R. Poorsina ("Plaintiff" or "Poorsina"), proceeding pro se, brings the instant action against Defendants Tan Tseng ("Tseng"), Terrenz Kukant Cam ("T.K. Cam"), Boi Anh Hong ("Hong"), and Kevin Tu Cam ("K.T. Cam") (collectively, "Defendants"). Default has been entered against Tseng, T.K. Cam, and Hong but not K.T. Cam. Presently before the Court are: (1) Plaintiff's motion for default judgment against Defendants; (2) Tseng's motion to set aside the entry of default, in which T.K. Cam and Hong join; and (3) Tseng's motion to consolidate this action and Natalya Baranchuk v. Steppingstone Assets Group, LLC, Case No. 21-cv-00274-KAW (the "Baranchuk Action"), in which T.K. Cam and Hong also join.

    Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby: (1) GRANTS the motion to set aside the entry of default against Tseng, T.K. Cam, and Hong; (2) DENIES the motion for default judgment; and (3) DENIES the motion to consolidate this and the Baranchuk Action. The Court, in its discretion, finds these maters suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

### A. FACTUAL ALLEGATIONS

Plaintiff previously "owned and occupied the single-family residence located [at] 1563 2[8]th Avenue, San Francisco, California 94122 (the 'Property')." Compl. ¶ 4, Dkt. 1.[1] It appears Plaintiff defaulted on his mortgage and the mortgage holder instituted foreclosure proceedings and sold the property at public auction. See id. ¶ 2. Plaintiff alleges that, "[b]eginning as early as June 2011 and continuing until in or about March 2019," Defendants "entered into and engaged in a combination and conspiracy to suppress and retrain [sic] competition by rigging bids to obtain over 47 selected properties offered at public auctions in San Francisco and San Mateo counties …." Id. ¶ 10. Defendants "agree[d] to refrain from or stop bidding against each other to purchase dozens of selected properties … at non-competitive prices." Id. ¶ 11. It appears the selected properties included Plaintiff's Property. Id. ¶ 3 (alleging that, on September 7, 2017, Tseng bid $1,235,200 on the Property).

The allegations of the Complaint are not a model of clarity. It appears, however, that the purported illicit activities involved transferring property titles to alleged co-conspirators (some of whom—K.T. Cam and Hong—are named as defendants). See id. ¶¶ 7-9. Defendants allegedly defrauded financial institutions by using co-conspirators as borrowers to fraudulently obtain loans secured by other rigged properties. Id. Regarding the named defendants, Plaintiff alleges that Tseng is the sole member of Steppingstone Assets Group LLC ("Steppingstone"), which is sometimes involved in the purchase of properties. Id. ¶¶ 5, 9. Tseng and T.K. Cam, who are husband and wife, purchased properties at public auction. Id. ¶ 6. K.T. Cam and Hong are "co-conspirators" who "fraudulently became titles [sic] holders of rigged properties [and] acted as borrowers [sic] applied for Fannie Mae wholesale loans from different financial institutions." Id. ¶ 7.

---

[1] Plaintiff erroneously identifies the Property as "1563 25th Avenue," but other references in the Complaint and attached exhibits show that it is 1563 28th Avenue. See Compl. ¶ 9 (chart); Dkt. 1-2 at 4-12.

### B. PROCEDURAL HISTORY

On December 15, 2020, Plaintiff filed a Complaint for Declaratory and Injunctive Relief against Defendants, alleging claims for: (1) violations of 15 U.S.C. § 1, Bid Rigging; and (2) violations of 18 U.S.C. § 1341, Conspiracy to Commit Mail Fraud. Compl., Dkt. 1. A Summons was filed for Tseng, T.K. Cam, and Hong on December 17. Dkt. 4.

On March 19, 2021, a case management conference was held before Magistrate Judge Alex G. Tse, who was then presiding over the action. Dkt. 10. Plaintiff was directed to effectuate service of process. Id. On April 6, Plaintiff filed proofs of service regarding Tseng (and/or Steppingstone) and Hong. Dkt. 11. He then filed a request to serve Tseng through the Office of the Secretary of the State because Steppingstone purportedly has no designated agent for service of process. Dkt. 12. On May 5, Magistrate Judge Tse denied that request on the grounds that Steppingstone is not a named defendant and, in any event, had designated Tseng as its agent for service of process. Dkt. 16.

On June 19, 2021, Plaintiff filed a motion for entry of default judgment against Defendants. Dkt. 19. On July 8, Magistrate Judge Tse denied the motion on the ground that Plaintiff had not sought or obtained the entry of default by the Clerk of Court. Dkt. 20. A few days later, on July 10, Plaintiff made a motion for entry of default against Defendants. Dkt. 21. The Clerk declined to enter default on the grounds that: (a) the filed proofs of service were defective as to Tseng and Hong; and (b) no summons had been returned executed for T.K. Cam or K.T. Cam. Dkt. 23.

Plaintiff again moved for entry of default on August 5, 2021. Dkt. 28. After the Clerk notified Plaintiff that the proofs of service referenced in the motion did not reflect service of the summons and complaint, he filed revised proofs of service for Tseng, T.K. Cam and Hong. Dkt. 31. On August 12, the Clerk entered the default of Tseng, T.K. Cam, and Hong, but declined to enter the default of K.T. Cam on the ground that no summons had been returned executed. Dkt. 32. On August 13, Plaintiff filed a proof of service for K.T. Cam, Dkt. 33, but did not thereafter renew his motion for entry of default.

On August 16, 2021, Plaintiff filed the instant motion for default judgment against Defendants. Dkt. 34. On August 24, Tseng appeared and filed the instant motion to set aside entry of default. Dkt. 37. Tseng argues that Defendants have not been properly served in this action and therefore the entry of default was improper. On August 25, Tseng also filed the instant motion to consolidate this action and the Baranchuk Action. Dkt. 40.

On August 29, 2021, Plaintiff filed a combined opposition to Tseng's motions. Dkt. 41. He erroneously characterizes the motion to set aside default as one to dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5), however. Id. On August 30, Tseng filed an opposition to Plaintiff's motion for default judgment. Dkt. 43. On August 31, T.K. Cam and Hong appeared and filed a joinder in Tseng's motion to set aside entry of default. Dkt. 46. On September 2, they also joined in Tseng's opposition to Plaintiff's motion for default judgment. Dkt. 47. On September 3, Plaintiff filed what he labeled as an opposition to T.K Cam and Hong's joinder in the motion to set aside entry of default, wherein he appears to offer evidence to rebut declarations they offered in support of the joinder. Dkt. 48. On September 13, Tseng, T.K. Cam, and Hong filed a reply in support of the motion to set aside entry of default, Dkt. 29, and a separate reply in support of the motion to consolidate, Dkt. 50.

On September 23, 2021, the action was reassigned because K.T. Cam has not yet appeared and consented to the jurisdiction of a magistrate judge. Dkt. 54. The notice of impending reassignment advised that pending motions should be *re-noticed* before the newly assigned judge. Dkt. 53. Thereafter, on October 11, Plaintiff refiled his motion for default judgment without noticing it for hearing. Dkt. 57. On November 8, he filed what he entered as a "Motion to Amend/Correct Notice of Motion for Entry of Default Judgement," noticing it for November 18. Dkt. 59. The Clerk vacated that hearing date and provided notice that Plaintiff should have *re-noticed* (not refiled) his motion. Dkt. 60.

On November 9, 2021, Plaintiff re-noticed his motion for default judgment. Dkt. 61. Tseng, T.K. Cam, and Hong also re-noticed their motion to set aside entry of default and motion to consolidate. Dkt. 62, 63. On November 15, Plaintiff filed what he labeled and

entered as a combined "reply" to Defendants' motion to set aside entry of default and motion to consolidate cases. Dkt. 64. The document appears to reargue the matters set forth in his combined opposition. Finally, on November 22, Tseng, T.K. Cam and Hong filed a response to Plaintiff's "Motion to Amend/Correct Notice of Motion for Entry of Default Judgment." Dkt. 66. They note that the motion to amend/correct is duplicative of the motion for default judgment and incorporate the arguments from their prior filings.

The motions are fully briefed and ripe for adjudication.

## II. MOTIONS TO SET ASIDE ENTRY OF DEFAULT AND FOR DEFAULT JUDGMENT

Plaintiff moves for default judgment against Defendants. Tseng, T.K. Cam, and Hong oppose the motion and separately move to set aside the entry of their defaults. They argue that service on them was ineffective. K.T. Cam has neither appeared nor responded to Plaintiff's motion. As stated above, the Clerk declined to enter K.T. Cam's default.

### A. LEGAL STANDARD

Obtaining a default judgment is a two-step process. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default has been entered, the plaintiff may move the court for a default judgment. Id. 55(b)(2).

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look at its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d 707, 712 (1999) (providing that a judgment entered without personal jurisdiction over the parties is void). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987); Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986), amended, 807 F.2d 1514 (9th Cir. 1987) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4."). Thus, a court contemplating the entry of default judgment must first "assess the adequacy

of service of process on the party against whom default is requested." Penpower Tech. Ltd. v. S.P.C. Tech., 627 F. Supp. 2d 1083, 1088 (N.D. Cal. 2008).

"The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c); see also Fed. R. Civ. P. 60(b) (providing, *inter alia*, that a final judgment may be set aside where it "is void").[2] Because a judgment entered without personal jurisdiction is void, ineffective service of process constitutes good cause to set aside an entry of default. See Mason v. Genisco Tech. Corp., 960 F.2d 849, 51-53, 54 (9th Cir. 1992) (holding default judgment void due to ineffective service of process where the plaintiff attempted to serve a notice and acknowledgment by mail but the acknowledgment was not returned); see, e.g., Livingston v. Morgan, No. C-06-2389 MMC, 2007 WL 1150922, at *1 (N.D. Cal. Apr. 18, 2007) (granting motion to set aside entry of default where service of process was ineffective).

**B.  ANALYSIS**

Tseng, T.K. Cam, and Hong opposed default judgment and move to set aside the entry of their defaults on the ground that service on them was ineffective. A plaintiff must serve a summons and a copy of the complaint in the manner and within the time prescribed. Fed. R. Civ. P. 4(c)(1). So long as a party receives sufficient notice of the complaint, Rule 4 should be "liberally construed" to uphold service. Benny, 799 F.2d at 492 (quotation marks and citations omitted). "However, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial

---

[2] In determining whether "good cause" to set aside default has been shown, a court considers: (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant has no meritorious defense; and (3) whether setting aside the default would prejudice the plaintiff. United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing Franchise Holding II, LLC v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 925-26 (9th Cir. 2004)). Although the good cause standard to set aside the entry of default and to set aside a default judgment is the same, it is "more liberally applied" in the context of setting aside the entry of default. Id. at n.1; see also Mendoza v. Wight Vineyard Mgt., 783 F.2d 941, 945 (9th Cir. 1986) ("The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment.").

compliance with Rule 4." Id. (quotation marks and citation omitted).  "Unless service is waived, proof of service must be made to the court."  Fed. R. Civ. P. 4(l)(1).  "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4."  Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

### 1. Tseng and T.K. Cam

Regarding Tseng and T.K. Cam, a proof of service provides that the process server attempted to effectuate personal service on March 29 and April 1, 2021 at 525 Breakwater Drive, Redwood City, California 94065.  Dkt. 31 at 1.  According to the process server, "no one answered the door to accept the copies of **ACKNOWLEDGEMENT OF RECEIPT OF SUMMONS AND COMPLAINT.**"  Id. (capitalization and bold in original).  On April 5, 2021, the process server placed the document "in a sealed envelope, mailed via two-day FedEx shipment delivery" to the above address.  Id. at 2.  A Notice and Acknowledgement of Receipt of Summons and Complaint is attached to the proof of service.  It erroneously identifies the "United States District Court Central District of California" as the court in which suit is brought and is addressed only to "Tan Tseng, owner of Steppingstone Assets Group, LLC."  Id. at 3.  It then provides that a summons and a copy of the complaint were served pursuant to Federal Rule of Civil Procedure 4(e)(1) and California Code of Civil Procedure 415.30.  The Acknowledgment is unsigned.[3]

Based on the record before the Court, Plaintiff has not shown that service on Tseng and/or T.K. Cam was effective.  As a threshold matter, the proofs of service provide that it was a Notice and Acknowledgment of Receipt of Summons and Complaint that was served, not—as required by Rule 4(c)(1)—the actual summons and complaint.  Moreover, even assuming the summons and complaint were included, service remains defective.  Pursuant to Rule 4(e)(1), an individual may be served in this judicial district in accordance with the

---

[3] Two other proofs or service are provided for Tseng and T.K. Cam regarding service at two additional addresses.  Dkt. 31 at 6-7 & 8-9.  They state that personal service was attempted once at each address but was unsuccessful.  Id.  The details are otherwise identical to those set forth above.  Id.

laws of California, and California permits service of a summons by mail.  Cal. Code Civ. Proc. § 415.30(a).  Service pursuant to this section is effective, however, *only upon execution and return of an acknowledgment.*  Id. § 415.30(c); see also Thierfeldt v. Marin Hosp. Dist., 35 Cal. App. 3d 186, 199 (1973).  If the addressee fails to execute and return the acknowledgement, "there is no effective service[.]"  Thierfeldt, 35 Cal. App. 3d at 199.  Here, the record shows that neither Tseng nor T.K. Cam executed and returned a written acknowledgment of service.  Thus, mail service under § 415.30 was ineffective.[4]  Although attempts at personal service were also made, the record indicates that they were unsuccessful.  Thus, personal service under Rule 4(e)(2)(A) and/or California Code of Civil Procedure § 415.10 was likewise ineffective.

### 2. Hong

Regarding Hong, a proof of service provides that the process server attempted to effectuate service on April 1, 2021 at 2433 Santiago Street, San Francisco, California 94116.  Dkt. 31 at 4.  According to the process server, "[Hong's] mother answered the door to accept the copies of the Summons and Complaint."  Id.  This person told the process server to "leave the documents under the front door gate."  Id.  On April 5, 2021, the process server placed the documents "in a sealed envelope, mailed via two-day FedEx [s]hipment delivery" to the above address.  Id.  Again, a Notice and Acknowledgement of Receipt of Summons and Complaint is attached to the proof of service.  It erroneously identifies the "United States District Court Central District of California" as the court in which suit is brought and is addressed to Hong.  Id. at 5.  It provides that a summons and a

---

[4] The Court notes that the proofs of service suffer from additional defects.  A summons and a copy of the complaint "shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender."  Cal. Code Civ. Proc. § 415.30(a).  Although the proofs of service provide that a Notice and Acknowledgment was mailed, it fails to demonstrate that this was done in accordance with the specific requirements of § 415.30(a).  For example, it does not state that a prepaid return envelope was included.  Additionally, the Notice and Acknowledgment is addressed only to Tseng; there is no indication that T.K. Cam was ever sent a Notice and Acknowledgment in her name.

copy of the complaint were served pursuant to Federal Rule of Civil Procedure 4(e)(1) and California Code of Civil Procedure 415.30.  The Acknowledgment is unsigned.

Based on the record before the Court, Plaintiff has not shown that service on Hong was valid.  Mail service pursuant to § 415.30(a) suffers from the same primary defect as set forth above regarding Tseng and T.K. Cam, i.e., the record shows that Hong has not executed and returned a written acknowledgment of service.  Thus, mail service under § 415.30 was ineffective.  As for the attempted service at 2433 Santiago Street, the record does not show substantial compliance with Rule 4.  Pursuant to Rule 4(e)(2)(B), service may be made by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."  Tseng declares that Hong is his mother and has "never lived" at 2433 Santiago Street in San Francisco.  Tseng Decl. ISO Joinder ¶¶ 2-3, Dkt. 46-1.  He asserts that his mother has resided in a town outside Toronto, Canada for approximately five years.  Id. ¶ 4.  Plaintiff provides no evidence to the contrary.[5]  Furthermore, even if Hong resides at 2433 Santiago Street, the proof of service states that the documents were left, not with Hong, but with Hong's mother.  The proof of service does not present any evidence that Hong's mother resides at this address, as required by Rule 4(e)(2)(B).  For the same reason (as well as others not discussed herein), the attempted service at 2433 Santiago Street also fails to

---

[5] As stated above, Plaintiff filed a response that appears to offer evidence to rebut Tseng and T.K. Cam's declarations.  Dkt. 48.  Plaintiff sets forth no specific objections to the declarations; instead, he asserts that "it is impo[r]tant that the Court review of [*sic*] [certain] recorded documents as evidence for the record."  Id. at 2.  For example, Plaintiff presents a grant deed showing that Tseng and Hong, as joint tenants, granted the property located at 2433 Santiago Street to a third party, Thang Phu Truong, on or about October 10, 2016.  Id. at Ex. A.  The grant deed was recorded on January 5, 2017.  Id.  This document does not contradict Tseng's declaration, however.  The fact that Tseng and Hong held title to the property as joint tenants does not mean that Hong ever resided at this address.  Moreover, even if Hong had resided there at one time, it appears the property was conveyed to a third party in or about 2016, several years before service at that address was attempted.  Plaintiff goes on to state that, when the process server attempted service, the process server asked the person who answered the door if she was Hong.  The person who answered replied that she was Hong's mother, but the process server was "not sure if she understood the question."  Id. at 2.  The process server then purportedly served the documents by leaving them at the front door.  Id.  Again, this does not contradict Tseng's declaration and only further undermines the claim that it was Hong's mother who was served.

satisfy California Code of Civil Procedure 415.20(b).  Thus, Plaintiff has not satisfied his burden of demonstrating valid service.

### 3. K.T. Cam

Plaintiff filed a proof of service for K.T. Cam, see Dkt. 33, and argues in his opposition brief that service on K.T. Cam was valid, see Opp'n at 2-3, Dkt. 41.  Notably, however, the Clerk declined to enter K.T. Cam's default.  Dkt. 32.  Accordingly, default judgment cannot be entered against K.T. Cam and the Court need not assess the validity of service on K.T. Cam at this time.  For Plaintiff's edification, however, the Court notes that the Summons issued on December 17, 2021, does not name K.T. Cam.  See Dkt. 4.  If not cured, this defect may render ineffective any attempt to serve K.T. Cam.  See Fed. R. Civ. P. 4(a)(1)(B) (providing that a summons must "be directed to the defendant").

## C. CONCLUSION

In view of the foregoing, the motion to set aside the entry of Tseng, T.K. Cam, and Hong's defaults is GRANTED.  Having set aside the entry of their defaults, and the Clerk having declined to enter K.T. Cam's default, Plaintiff's motion for default judgment against each of the Defendants is DENIED.

## III. MOTION TO AMEND/CORRECT

As set forth above, Plaintiff's "Motion to Amend/Correct Notice of Motion for Entry of Default Judgment" was filed in error.  After the notice of impending reassignment advised that any pending motions should be *re-noticed*, Plaintiff refiled his motion for default judgment without noticing it for hearing.  Dkt. 57.  Seemingly aware of the fact that refiling the motion had failed to set it for hearing, Plaintiff later filed what he entered as a "Motion to Amend/Correct Notice of Motion for Entry of Default Judgement," purportedly noticing the motion for hearing on November 18.  Dkt. 59.  The Clerk vacated that hearing (which was not properly noticed for an available calendar date) and provided notice that Plaintiff should have *re-noticed*, not refiled, his motion for default judgment.  Dkt. 60.  The next day, Plaintiff re-noticed his motion for default judgment, Dkt. 61, but failed to withdraw the "Motion to Amend/Correct Notice of Motion for Entry of Default Judgment."

In view of the foregoing, Plaintiff's "Motion to Amend/Correct Notice of Motion for Entry of Default Judgment" is DENIED. Insofar as it served to refile the motion for default judgment, it is denied for the same reasons set forth in Section II, *supra,* of this Order. Insofar as it sought to amend/correct the notice of motion for default judgment (i.e., by setting the motion for hearing), it is denied on the grounds that a motion to amend/correct the notice of motion is unrecognized (by rule or statute), unnecessary, and moot.

### IV. MOTION TO CONSOLIDATE

Tseng, T.K. Cam, and Hong move to consolidate the instant action and the Baranchuk Action. Plaintiff opposes consolidation.

#### A. LEGAL STANDARD

"If actions before the court involve common questions of law or fact, the court may: [¶] (1) join for hearing or trial any or all matters at issue in the actions; [¶] (2) consolidate the actions; or [¶] (3) issue any other orders to avoid unnecessary cost or delay. Fed. R. Civ. P. 42(a). A district court has "broad" discretion in deciding whether to consolidate actions under this rule. Pierce v. Cty. of Orange, 526 F.3d 1190, 1203 (9th Cir. 2008) (quoting Investors Research Co. v. U.S. Dist. Ct., 877 F.2d 777, 777 (9th Cir. 1989)). In making this determination, "a court weighs the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." Sw. Marine, Inc. v. Triple A Mach. Shop, Inc., 720 F. Supp. 805, 807 (N.D. Cal. 1989); see also Zhu v. UCBH Holdings, Inc., 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010).

#### B. ANALYSIS

Consolidation of this action and the Baranchuk Action is unwarranted. Plaintiff—Poorsina—brings the instant against Tseng, T.K. Cam, Hong, and B.T. Cam, alleging that they engaged in a bid rigging conspiracy to purchase dozens of properties at public auction in San Francisco and San Mateo counties. It appears that Plaintiff's former residence, located at 1563 28th Avenue in San Francisco, was one of the properties acquired in this alleged scheme. On the other hand, Natalya Baranchuk ("Baranchuk") brings the Baranchuk Action against Steppingstone and Tseng, alleging that they unlawfully evicted

her and her daycare business, Angels in the Sunset Family Childcare, from 1563 28th Avenue in San Francisco after Tseng purchased the foreclosed property.  Compl., Dkt. 1, Case No. 21-cv-00274-KAW.  It is alleged that, as a result of "abusive conducts [*sic*]" and "false information," Tseng had Baranchuk and her business removed from the property while eleven children were in its care.  Id. ¶ 2.

Tseng argues that consolidation is appropriate because both cases "revolve around the same transaction, the purchase of the real property at 1563 28th Ave., San Francisco, CA 94122…."  Mot. at 3, Dkt. 40.  However, although the underlying facts of both actions involve Tseng's purchase of this property, there are no common questions of law or fact to support and justify consolidation.  The instant action alleges a bid rigging conspiracy that includes this property and nearly 50 others, while the Baranchuk Action simply alleges damages from a wrongful eviction.  The two actions are brought by different plaintiffs and, with the exception of Tseng (who is named in both actions), are brought against different defendants.  Tseng also argues that Poorsina and Baranchuk "are husband and wife, who were evicted once Defendants Tseng and/or Steppingstone purchased the aforementioned real property."  Id.  But Tseng fails to explain how this has any bearing on whether it is appropriate to consolidate the actions.  Finally, Tseng argues there is a risk of "inconsistent adjudications" if the actions are not consolidated because the purchase of the Property might be invalidated in one action but not the other.  Id. at 5.  Setting aside the fact that such relief is likely unavailable in this Court, neither action seeks to invalidate the purchase of the Property.  See Compl. at 7; Comp. at 4, Dkt. 1, Case No. 21-cv-00274-KAW.

### C. CONCLUSION

In view of the foregoing, the motion to consolidate this action and the Baranchuk Action is DENIED.

## V. **CONCLUSION**

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. The motion to set aside the entry of Tseng, T.K. Cam, and Hong's defaults is GRANTED.  Dkt. 37.

2. The motion for default judgment and motion to amend/correct notice of motion for entry of default judgment are DENIED. Dkt. 34, 59.

3. The motion to consolidate this and the Baranchuk Action is DENIED. Dkt. 40.

4. Plaintiff shall effectuate service on Defendants within <u>30 days</u> of the date this Order is entered. <u>See</u> Fed. R. Civ. P. 4(m). Plaintiff shall provide proof of service in accordance with Federal Rule of Civil Procedure 4(l) and/or 4(d)(4). Although Plaintiff asserts that Tseng, T.K. Cam, and Hong have avoided service of process, they have now authorized their counsel (Andrew Winghart of Winghart Law Group, Inc.) to accept service on their behalf by Notice and Acknowledgment or by personal service at counsel's office. <u>See</u> Tseng Decl. ISO Mot. ¶ 8, Dkt. 37-2 (re Tseng); T.K. Cam Decl. ¶ 6, Dkt. 46-2 (re T.K. Cam); Tseng Decl. ISO Joinder ¶ 6, Dkt. 46-1 (re Hong). Thus, Plaintiff should be able to effectuate service on these defendants with relative ease.

IT IS SO ORDERED.

Dated: January 12, 2022

_____ RS
Richard Seeborg for Saundra B. Armstrong
United States District Judge