UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ALI R. POORSINA,<br><br>    Plaintiff,<br><br>vs.<br><br>TAN TSENG, et al.,<br><br>    Defendants. | Case No:  20-cv-09122 SBA<br><br>**ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT** |

    Plaintiff Ali R. Poorsina ("Plaintiff"), proceeding pro se, brings the instant action against Defendants Tan Tseng ("Tseng"), Terrenz Kukant Cam ("T.K. Cam"), Boi Anh Hong ("Hong"), and Kevin Tu Cam ("K.T. Cam") (collectively, "Defendants").

    The procedural background is set forth in detail in the Order: (1) Granting Motion to Set Aside the Entry of Default; (2) Denying Motion for Default Judgment; and (3) Denying Motion to Consolidate Cases, which issued January 12, 2022 ("Order").  Dkt. 68.  As is pertinent here, the Order set aside the entry of default against Tseng, T.K. Cam, and Hong based on ineffective service; default had not been entered against K.T. Cam.  Given the lack of effective service, the Order also denied Plaintiff's motion for default judgment against Defendants.  The Order directed Plaintiff to complete service on Defendants within 30 days, noting that Defendants had authorized counsel to accept service on their behalf.

    Thereafter, Plaintiff filed a "Motion Granting Plaintiff for Default Judgment and Denying Defendants' Motion to Strike and Set Aside the Clerk's Entry of Default," which he entered as a "First Motion for Default Judgment by the Court."  Dkt. 69.  Though convoluted, the motion seeks reconsideration of the Order on the ground that Plaintiff purportedly complied with its directive by serving Defendants through counsel on or about

January 14, 2022.  Plaintiff later filed another document titled "Order Re Plaintiff's Motion for Default Judgment," which he entered as a "Second Motion for Default Judgment by the Court."  Dkt. 75.  The "second motion" does not read as a motion (or comply with the civil local rules governing motion practice), but rather, as an order entering default judgment based on the service effectuated on January 14; it thus appears to be a proposed order granting Plaintiff's prior motion for default judgment in light of the recent service.[1]

To the extent Plaintiff moves for reconsideration of the Order denying default judgment based on service completed *after* the Order issued, the motion fails.  A district court may grant a motion for reconsideration under Federal Rule of Civil Procedure 59(e) if, *inter alia*, it is presented with newly discovered evidence.  Kaufmann v. Kijakazi, 32 F.4th 843, 2022 WL 1233238, at *6 (9th Cir. 2022).  "For evidence to be considered 'new' for the purposes of Rules 59(e)/60(b), it must be of such a character that it would change the outcome of the court's prior decision."  Pirtle v. Cal. Bd. of Prison Terms, No. CIV. S-04-518 FCD KJ, 2007 WL 2153094, at *1 (E.D. Cal. July 24, 2007).  When the Order issued, Plaintiff had not properly served Defendants and default judgment was properly denied on that basis.  Subsequent service—in compliance with the directive of the Order—cannot change the outcome (or propriety) of that decision.

To the extent Plaintiff moves for default judgment anew, the motion likewise fails.  As noted in the Order, default judgment is a two-step process; a default judgment cannot be granted unless the plaintiff has sought and obtained the entry of default by the Clerk.  Fed. R. Civ. P. 55(b)(2); Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986).  Here, the entry of default has not been entered against Defendants.  Moreover, default may be entered only when a defendant fails to plead or otherwise defend.  Fed. R. Civ. P. 55(a); Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986) ("A failure to make a timely answer to a properly served complaint will justify entry of a default judgment."), amended, 807 F.2d 1514 (9th Cir.

---

[1] Pursuant to Civil Local Rule 5-1(f), proposed orders should be filed in PDF format and attached to the applicable motion or other document.  Additionally, proposed orders should be identified as such, with the word "proposed" included in the caption.

1987). Even assuming the service on January 14 was effective, Defendants' response was not yet due on January 24, when Plaintiff filed the instant motion. Indeed, since that time, K.T. Cam has appeared, and Defendants have filed a motion to dismiss. Dkt. 78. Default therefore cannot be entered against Defendants at this time. Franchise Holding II, LLC, v. Huntington Restaurants Grp., Inc., 375 F.3d 992, 927 (9th Cir. 2004) (where a party has appeared, a default entered by the clerk is "void *ab initio*").

For the reasons stated above, IT IS HEREBY ORDERED THAT Plaintiff's motions for reconsideration of the Order denying default judgment and/or for default judgment anew are denied. This order terminates Docket Nos. 69 and 75.

IT IS SO ORDERED.

Dated: 5/18/2022

_____ RS
Richard Seeborg for Saundra B. Armstrong
United States District Judge