UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ALI R. POORSINA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>TAN TSENG, et al.,<br><br>　　　　Defendants. | Case No: 20-cv-09122 SBA<br><br>**ORDER GRANTING MOTION TO DISMISS COMPLAINT** |

Plaintiff Ali R. Poorsina ("Plaintiff"), proceeding pro se, brings the instant action against Defendants Tan Tseng ("Tseng"), Terrenz Kukant Cam ("T.K. Cam"), Boi Anh Hong ("Hong"), and Kevin Tu Cam ("K.T. Cam") (collectively, "Defendants"). Pending is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The matter is suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b). For the reasons stated below, the motion is granted.

I.   **BACKGROUND**

　　A.   FACTUAL ALLEGATIONS

Plaintiff previously "owned and occupied the single-family residence located [at] 1563 2[8]th Avenue, San Francisco, California 94122 (the 'Property')." Compl. ¶ 4, Dkt. 1.[1] It appears Plaintiff defaulted on his mortgage and the mortgage holder instituted foreclosure proceedings and sold the property at public auction. See id. ¶ 2. Plaintiff alleges that, "[b]eginning as early as June 2011 and continuing until in or about March

---

[1] Plaintiff erroneously identifies the Property as "1563 25th Avenue," but other references in the Complaint and attached exhibits show that it is 1563 28th Avenue. See Compl. ¶ 9 (chart); Dkt. 1-2 at 4-12.

2019," Defendants "entered into and engaged in a combination and conspiracy to suppress and retrain [*sic*] competition by rigging bids to obtain over 47 selected properties offered at public auctions in San Francisco and San Mateo counties …." Id. ¶ 10.  Defendants and unnamed coconspirators allegedly "agree[d] to refrain from or stop bidding against each other to purchase dozens of selected properties … at non-competitive prices." Id. ¶ 11.  It appears the selected properties include Plaintiff's Property.  Id. ¶ 3 (alleging that, on September 7, 2017, Tseng bid on the Property at public auction).

The allegations of the Complaint are not a model of clarity.  In addition to the conclusory allegation of a bid-rigging conspiracy, Plaintiff alleges an ill-described "scheme and artifice to defraud the banking financial institutions." Id. ¶ 8.  Defendants allegedly transferred title to the purchased properties to other co-conspirators, who then acted as borrowers to obtain Fannie Mae loans.  See id. ¶¶ 7-9.  In connection with this allegation, Plaintiff identifies six properties that Defendants (or some subset of them) transferred to various persons not named as defendants in this action, attaching various grant deeds as exhibits.  Id. ¶ 9 & Exs. A-F.  Plaintiff further alleges that Defendants and "co-schemers" used the United States Postal Service and private or commercial interstate carriers to execute this "scheme and artifice to defraud." Id. ¶ 18.  Plaintiff identifies six deeds that Defendants and "co-schemers" caused to be delivered by mail.  Id. ¶ 19 & Exs. G-L.

### B. PROCEDURAL HISTORY

On December 15, 2020, Plaintiff filed a Complaint for Declaratory and Injunctive Relief against Defendants, alleging claims for: (1) violation of the Sherman Act, 15 U.S.C. § 1, Bid Rigging; and (2) violation of 18 U.S.C. § 1341, Conspiracy to Commit Mail Fraud.  Compl., Dkt. 1.  Plaintiff failed to effectuate service for some time.  See Dkt. 68.  On May 12, 2022, after waiving service under Federal Rule of Civil Procedure 4(d), Defendants filed the instant motion to dismiss pursuant to Rule 12(b)(6).  Dkt. 78.

## II. LEGAL STANDARD

Rule 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal under Rule 12(b)(6) is proper when the complaint

either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013). In assessing the sufficiency of a claim, the court must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on a motion to dismiss, in particular, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. Cty. of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). Where a litigant is proceeding pro se, the court construes his pleadings liberally and affords him the benefit of any doubt. Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint pleads factual content that allows the court to draw the "reasonable inference" that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

### III.  DISCUSSION

Defendants move to dismiss the Complaint on various grounds, including that Plaintiff fails to plead his claims with the specificity required by Rule 9(b), fails to state a claim under Rule 8(a), and lacks standing. Plaintiff opposes dismissal.

#### A.  SHERMAN ACT CLAIM

Section 1 of the Sherman Act prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations[.]" 15 U.S.C. § 1. Despite the breadth of the statutory language, the Supreme Court 'has long recognized that Congress intended to outlaw only unreasonable restraints.'" Aerotec Int'l, Inc. v. Honeywell Int'l, Inc., 836 F.3d 1171, 1177-

78 (9th Cir. 2016) (quoting <u>State Oil Co. v. Khan</u>, 522 U.S. 3, 10 (1997)).  Thus, to establish liability under § 1 of the Sherman Act, a plaintiff must prove (1) the existence of an agreement, and (2) that the agreement was an unreasonable restraint of trade.  <u>Id.</u> (citing <u>Am. Needle, Inc. v. Nat'l Football League</u>, 560 U.S. 183, 189-90 (2010)).

      Defendants argue that Plaintiff's claims are subject to the heightened pleading standard of Rule 9(b).  This is not entirely accurate as to the Sherman Act claim.  <u>See</u> <u>United Energy Trading, LLC v. Pac. Gas & Elec. Co.</u>, 200 F. Supp. 3d 1012, 1020 (N.D. Cal. 2016).  Sherman Act claims need not generally be pleaded with specificity.  <u>Id.</u> (citing <u>Cost Mgmt. Servs., Inc. v. Wash. Nat. Co.</u>, 99 F.3d 937, 650 (9th Cir. 1996)); <u>see also</u> <u>Newcal Indus., Inc. v. Ikon Off. Sol.</u>, 513 F. 3d 1038, 1045 (9th Cir. 2008) ("There is no requirement that these elements of an antitrust claim [i.e., a relevant market and market power] be pled with specificity.").  Where fraud is not an essential element of a claim, only allegations of fraudulent conduct must satisfy the heightened pleadings requirements of Rule 9(b); the remainder of the allegations need satisfy only the more liberal pleading standard of Rule 8(a).  <u>United Energy Trading</u>, 200 F. Supp. at 1020 (citing <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1104 (9th Cir. 2003)).

      Here, Plaintiff's allegation of a bid rigging conspiracy does not sound in or incorporate allegations of fraud.  A Sherman Act claim based on these allegations thus need not be pled with specificity.  As stated above, Plaintiff also alleges a "scheme and artifice to defraud the banking financial institutions."  However, it does not appear that this secondary scheme and artifice to defraud is relevant to the Sherman Act claim, or if so, how.  Thus, insofar as Plaintiff seeks to state a Sherman Act claim predicated on defrauding banking institutions, additional allegations are required.  <u>See</u> <u>Aerotec Int'l</u>, 836 F.3d at 1177-78.  Additionally, if Plaintiff seeks to state a Sherman Act claim predicated on allegations of fraud, those allegations must be pled with greater specificity.  Indeed, Plaintiff fails even to allege what was fraudulent about the property transfers and/or loans.  It is alleged only that the properties were transferred and that loans were obtained.  This is plainly insufficient.

Regarding the allegation of a bid rigging conspiracy, which is subject to the more liberal pleading standard of Rule 8(a), Plaintiff nonetheless fails to state a claim. To state a Sherman Act claim, a plaintiff "'must plead not just ultimate facts (such as a conspiracy), but evidentiary facts which, if true, will prove: (1) a contract, combination or conspiracy among two or more persons or distinct business entities; (2) by which the persons or entities intended to harm or restrain trade or commerce… (3) which actually injures competition.'" William O. Gilley Enters., Inc. v. Atl. Richfield Co., 588 F.3d 659, 669 (9th Cir. 2009) (quoting Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1047 (9th Cir. 2008)).

Plaintiff alleges that Defendants "entered into and engaged in a combination and conspiracy to suppress and retrain [*sic*] competition." However, he alleges no facts to support the conclusory allegation that Defendants agreed with each other or others to restrain trade. Indeed, although it is alleged that Defendants and other unnamed parties "agree[d] to refrain from or stop bidding against each other," the Complaint fails even to identify the individuals with whom Defendants allegedly conspired or to set forth any factual averments tending to support the existence of an agreement.[2] Additionally, there are no facts giving rise to an inference of bid-rigging. The sole *fact* alleged is that Defendants acquired properties at public auction. This is insufficient to state a claim.

Plaintiff's Sherman Act claim also fails on the ground that he has not alleged a cognizable injury. In order to have standing to bring an antitrust claim, a plaintiff "must prove antitrust injury, which is to say injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful." Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 489 (1977). Antitrust injury requires four elements: "(1) unlawful conduct, (2) causing an injury to the plaintiff, (3) that flows from

---

[2] The Complaint does not allege that Defendants are in competition with each other to obtain properties. Rather, it alleges that Tseng alone bid on properties. The other named defendants are related to Tseng: T.K. Cam is his wife, K.T. Cam is his father-in-law, and Hong is his mother. The alleged facts thus do not support an inference that Defendants agreed amongst themselves to stop bidding against each other. It is therefore essential that the other co-conspirators be identified.

that which makes the conduct unlawful, and (4) that is of the type the antitrust laws were intended to prevent." Somers v. Apple, Inc., 729 F.3d 953, 963-94 (9th Cir. 2013) (quotation marks and citations omitted). Additionally, the Ninth Circuit has "imposed a fifth element—that the injured party be a participant in the same market as the alleged malefactors…." Id. (quotation marks and citations omitted).[3]

Here, the Complaint does not allege in express terms any injury Plaintiff suffered because of Defendants' unlawful conduct. The only injury that may be inferred is that which resulted from the foreclosure of Plaintiff's property. See Compl. ¶ 3 (alleging that Plaintiff was "present at the trustee's sale auction" and warned buyers of the "wrongful closure sale"). However, such injury does not flow from that which allegedly makes Defendants' conduct unlawful (i.e., bid rigging). See, e.g., Bergman v. Bank of Am., No. C-13-00741 JCS, 2013 WL 5863057, at *32 (N.D. Cal. Oct. 23, 2013) (finding plaintiffs failed to allege any injury proximately caused by defendants' bid rigging activities at public real estate foreclosure auctions where the only damages alleged arose from plaintiffs' default, rather than the defendants' actions). Nor is it of the type that the antitrust laws were intended to prevent. Plaintiff therefore lacks standing to bring an antitrust claim.[4] Accordingly, the first claim under § 1 of the Sherman Act shall be dismissed.

"Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend

---

[3] "'Antitrust standing' is a distinct inquiry from that of constitutional standing." Novation Ventures, LLC v. J.G. Wentworth Co., LLC, 156 F. Supp. 3d 1094, 1100 n.2 (C.D. Cal. 2015) (citing Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 535 n.31 (1983)). Although harm to the plaintiff may be sufficient to satisfy the constitutional standing requirement of injury in fact, the court "'must make a further determination whether the plaintiff is a proper party to bring a private antitrust action.'" Id. (quoting Associated Gen. Contractors, 459 U.S. at 535 n.31). "'This determination of antitrust standing requires an evaluation of the plaintiff's harm, the alleged wrongdoing by the defendant, and the relationship between them.'" Id. (quoting Bubar v. Ampco Foods, inc., 752 F.2d 445, 448-49 (9th Cir. 1985)).

[4] Defendants further argue that Plaintiff lacks constitutional standing because the only injury alleged—foreclosure of his Property—is neither fairly traceable to the conduct that is the subject of the suit nor capable of redress in this forum. Because Plaintiffs claims are dismissed on other grounds, the issue of constitutional standing is deferred.

prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995). Given the nature of the defects identified above (particularly, the lack of antitrust standing), it is unlikely Plaintiff will be able to cure the same. Out of an abundance of caution, however, leave to amend is granted. If Plaintiff fails to state a viable claim on amendment, further leave to amend will be denied. See Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (a court may deny leave to amend if the allegation of other facts consistent with the challenged pleading cannot possibly cure the deficiencies or if the plaintiff has had prior opportunities to amend and failed to cure the same); Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (the court's discretion to deny leave to amend is particularly broad where the plaintiff previously amended the complaint).

### B. MAIL FRAUD CLAIM

Although the issue is not raised by Defendants, it must be noted that the criminal mail fraud statute does not provide a private right of action. Wilcox v. First Interstate Bank of Oregon, N.A., 815 F.2d 522, 533 (9th Cir. 1987) ("Other than in the context of RICO, federal appellate courts hold that there is no private right of action for mail fraud under 18 U.S.C. § 1341"); see e.g., Cirino v. GMAC Mort. LLC, 667 F. App'x 248, 249 (9th Cir. 2016) (affirming dismissal of mail fraud claim "because the mail fraud statute does not provide a private right of action").[5] Accordingly, Plaintiff's second claim for mail fraud shall be dismissed without leave to amend. See Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (dismissal of a pro se complaint without leave to amend is proper if its deficiencies cannot be cured by amendment).

---

[5] Mail fraud may constitute "racketeering activity" under the Racketeer Influenced and Corrupt Organization Act ("RICO"). See Eclectic Properties E., LLC v. Marcus & Millichap Co., 751 F.3d 990, 997 (9th Cir. 2014). Plaintiff does not allege a RICO claim. Even if he had, however, he lacks standing to pursue the same. "To demonstrate RICO standing, a plaintiff must allege that it suffered an injury to its 'business or property,' as a proximate result of the alleged racketeering activity. In other words, RICO standing requires compensable injury and proximate cause." Newcal Indus., 513 F.3d at 1055 (citations omitted). Here, as stated above, the only injury that may be inferred from the Complaint (i.e., foreclosure of Plaintiff's Property) has no causal relationship to Defendants' purportedly fraudulent and/or unlawful conduct.

Because the second claim for relief is denied without leave to amend, Defendants' arguments regarding the sufficiency of the fraud allegations need not be discussed at length. Defendants are correct, however, that the circumstances constituting any alleged fraud must be plead with particularity. Sanford v. MemberWorks, Inc., 625 F.3d 550, 557-58 (9th Cir. 2010) (citing Fed. R. Civ. P. 9(b)). As stated above, the only *facts* alleged regarding the scheme and artifice to defraud are that properties were transferred and loans were obtained. This fails to satisfy either Rule 9(b) or 8(a). If Plaintiff elects to file an amended pleading, he is on notice that additional *factual* averments are required. Threadbare recitals of the elements of a claim, supported by mere conclusory statements, will not suffice.

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss is granted and the Complaint is dismissed. The first claim for violation of the Sherman Act is dismissed with leave to amend. The second claim for mail fraud is dismissed without leave to amend.

2. Plaintiff shall file a first amended complaint within fourteen (14) days of the date this Order is filed. Plaintiff is advised that he must have a good faith basis, both in law and fact, to amend his claims. See Fed. R. Civ. P. 11(b). Plaintiff is further advised that an amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Any claim dismissed with leave to amend will be deemed waived if not repled. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

3. The failure to file an amended complaint within the time prescribed may result in the dismissal of the action without further notice. See Fed. R. Civ. P. 41(b).

4. This Order terminates Docket 78.

IT IS SO ORDERED.

Dated: June 7, 2022

_Saundra B. Armstrong_ RS
Richard Seeborg for Saundra B. Armstrong
United States District Court