Andrew D. Winghart (SBN 225099)
WINGHART LAW GROUP, INC.
Email: Drew@winghartlaw.com
495 Seaport Court, Suite 104
Redwood City, California 94063
Telephone: (510) 593-8546
Facsimile: (866) 941-8593

Attorney for Defendants
TAN TSENG, TERRENZ KUKANT CAM, BOI ANH HONG; & KEVIN TU CAM

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI R. POORSINA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>TAN TSENG, TERRENZ KUKANT CAM, BOI ANH HONG; & KEVIN TU CAM,<br><br>　　　　　　Defendants. | Case No.: 4:20-cv-09122-VC<br><br>**DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: November 9, 2022<br>Time: 1:00 PM<br>Courtroom: 4<br>　　　San Francisco Courthouse<br>　　　450 Golden Gate Ave.<br>　　　San Francisco, CA 94102<br><br>Honorable Vince Chhabria |

The Defendants to the above-entitled action submit this CASE MANAGEMENT STATEMENT pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1.     Jurisdiction & Service**

Plaintiff's First Amended Complaint is based on two federal statutes; 15 USC §1 (The Sherman Antitrust Act) and 18 U.S.C. § 1349 (Mail Fraud). After a lengthy dispute on service, including motions to set an improper Default set aside; Defendants' counsel accepted service.

**2.     Facts**

Almost six years ago, Defendant Tseng, after making the highest bid at a public auction for the real property at 1563 28th Avenue, San Francisco, California, secured the real property. Thereafter, civil proceedings to evict Plaintiff and all tenants who had lost their property to foreclosure were commenced. The occupants refused to surrender the property which they had lost all legal rights too ownership thereof. Other suits to overturn the trustee's sale were also lost by Plaintiff.

Six years Plaintiff has fought Defendants. He is nothing but a vexatious *Quixotic* litigant, without legal claim. Four lawsuits later, this action is nothing more than another attempt to harass Defendants.[1] While unfortunate, Plaintiff fails to acknowledge he failed to meet his obligations to the original lender, the house was foreclosed on, and there is nothing more to the story. He fully admitted as much in his spurious suit in San Francisco Superior Court.

This dispute between Defendants and Plaintiff occurred when Defendant purchased the Plaintiff's home at a duly-authorized trustees' sale. While both Plaintiff and the alleged tenant

---

[1] *See*, Poorsina v. Bank of New York Mellon FKA, Steppingstone Asset Grorp [sic] et al., CGC-17-562130.

Natalya Baranchuk (*Baranchuk v Steppingstone Assets Group, LLC* 21-cv-00274 KAW, dismissed with prejudice on January 27, 2022, [Dkt. # 48-50]), were eventually removed by legal process from their former home, he continues to harass Defendants with meritless litigation.

### 3. Legal Issues

Plaintiff asserts two causes of action in the First Amended Complaint. Defendants believe neither have any merit and should be dismissed by the pending Motion, *infra*.

### 4. Motions

Of the course of the litigation, Defendants have had to file multiple motions based on the defective service attempts and improper defaults by Plaintiff. [Dkt. # 37; # 66; #71, #76]. Defendants also filed a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) to dismiss the original Complaint. [Dkt. #78.] The Court, Judge Seeborg presiding, issued an Order dismissing Plaintiff's Complaint, allowing Plaintiff to replead his case of action for violation of the Sherman Antitrust Act; but dismissed Plaintiff's claims for Mail Fraud with prejudice. [Dkt. # 83.] Plaintiff filed his Amended Complaint, [Dkt. #84] seeking the same two causes of action. Defendants filed a second Motion to Dismiss [Dkt. #85], and the Opposition [Dkt. #86] and Reply [Dkt. # 87] have been filed. Defendants have re-noticed this pending Motion for December 2, 2022.

### 5. Amendment of Pleadings

Defendants do not believe this action can be cured by amendment.

### 6. Evidence Preservation

Defendants have adhered to the Court requirement regarding Electronically Stored Information.

### 7. Disclosures

Disclosures have not been made.

**8.     Discovery**

No discovery has occurred.

**9.     Class Actions**

Not applicable.

**10.    Related Cases**

No known remaining actions against the Defendants.

**11.    Relief**

Defendants believe Plaintiff should be subject to sanctions and for Defendants to recover fees and costs for a frivolous filing.

**12.    Settlement and ADR**

Defendants are not interested in ADR as they do not believe any legal merit to the case exists. The details for this position are spelled out in greater detail in the pending Motion.

**13.    Other References**

Not applicable.

**14.    Narrowing of Issues**

Defendants believe the pending Motion will narrow the issues remaining.

**15.    Expedited Trial Procedure**

Defendants do not believe this matter is appropriate for an expedited trial.

**16.    Scheduling**

Defendants do not believe this matter will get beyond the pleading stage based on the lack of viable claims presented by the Plaintiff and believe the Court should delay setting any deadlines until a determination is made on the pending Motion.

**17.    Trial**

Defendants have not been required to file an Answer due to various motions and have not made that election yet.

**18.    Disclosure of Non-party Interested Entities or Persons**

Defendants are not aware of any non-party interested entities or persons.

**19.    Professional Conduct**

Counsel has reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.    Other**

Defendants believe the present Case Management Conference should be continued until after a ruling on the pending Motion to Dismiss.

Respectfully submitted.

Dated this 2nd of November, 2022.        WINGHART LAW GROUP, INC.

/s/
Andrew    D.    Winghart
Counsel for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2022, I electronically filed the following document(s) with the Clerk of the Court for the United States District Court for the Northern District of California, by using the District Court's CM/ECF system:

(1)     **DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT**

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the District Court's CM/ECF system.

/s/
Andrew D. Winghart