UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI POORSINA, <br><br>   Plaintiff, <br><br> v. <br><br> TAN TSENG, et al., <br><br>   Defendants. | Case No.  20-cv-09122-VC <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> Re: Dkt. No. 85 |

The motion to dismiss is granted. While Poorsina does a better job this time around of alleging the conspiracy element of his antitrust claim, he still fails to adequately allege an antitrust injury.

Poorsina alleges that Tseng and a co-conspirator named Steve communicated with each other on their cell phones during the auction and agreed as to when Steve should stop bidding so that Tseng's bid would prevail. While certainly not a model of specificity, this new allegation provides the type of factual content that was altogether missing from the previous complaint. Construed liberally in light of Poorsina's pro se status, this allegation plausibly suggests an agreement to engage in bid-rigging, a per se violation of the Sherman Act. *See United States v. Joyce*, 895 F.3d 673, 676–77 (9th Cir. 2018).[1]

But the sole injury alleged in the complaint is the eviction of Poorsina and his family

---

[1] The Court has reviewed the video recordings of the auction that Poorsina manually filed, which are incorporated by reference into the complaint. Poorsina asserts that these recordings depict Tseng and Steve communicating on their cell phones about the bid-rigging. But the auction took place outside, where it was windy, and so the audio is poor. Moreover, the Court cannot identify the relevant individuals in the videos without direction from the parties. The videos are therefore unhelpful at this stage, and the Court's decision is based only on the allegations in the complaint.

from their home, where they also conducted a childcare business. Poorsina would have been evicted regardless of whether the bidding was rigged, because his home was foreclosed. The eviction is therefore not an antitrust injury, nor is the resulting loss of the childcare business.

At the hearing, however, Poorsina discussed at length that he had equity in the property that he did not get back following the foreclosure sale and the distribution of the surplus among the various claimants. Based on that discussion, the Court cannot rule out the possibility that Poorsina might be able to allege an antitrust injury based on the house having been sold for less than it should have. *See Williams v. Estates LLC*, No. 19-1076, 2020 WL 887997, at *10 (M.D.N.C. Feb. 24, 2020); *District of Columbia ex rel. Payton v. Basiliko*, No. 91-2518, 1992 WL 43584, at *4 (D.D.C. Feb. 10, 1992).

The dismissal is therefore with leave to amend. The amended complaint is due within 28 days of this order, and the defendants' response is due within 21 days of the filing of the amended complaint.[2]

**IT IS SO ORDERED.**

Dated: December 16, 2022

_____
VINCE CHHABRIA
United States District Judge

---

[2] The amended complaint shall be limited to the antitrust claim. The mail fraud claim was previously dismissed with prejudice. *See* Dkt. No. 83.