UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI POORSINA,<br><br>        Plaintiff,<br><br>    v.<br><br>TAN TSENG, et al.,<br><br>        Defendants. | Case No. 20-cv-09122-VC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION AND MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Re: Dkt. Nos. 115, 116 |

      Poorsina's Rule 59(e) motion to alter or amend the judgment is denied. "[A]mending a judgment after its entry [i]s 'an extraordinary remedy which should be used sparingly.'" *Allstate Insurance Company v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Poorsina does not appeal to any of the "four basic grounds upon which a Rule 59(e) motion may be granted." *Id.* Instead, Poorsina seems to argue that, as a pro se litigant, he did not understand he was required to file an amended complaint in response to the Court's order granting the defendants' motion to dismiss with leave to amend. While the Court is sympathetic, Poorsina's appeal to his pro se status is not enough to justify relief under Rule 59(e). In any event, Poorsina's argument that he did not understand what he needed to do is belied by the fact that he had already amended his complaint once before in response to an order of dismissal with leave to amend. *See* Dkt. Nos. 83, 84. Poorsina's motion for leave to file an amended complaint is likewise denied. Rule 15 does not allow for post-judgment amendments to the pleadings.

      Even if the Court had the discretion to grant Poorsina's request to resurrect his case, the request would be denied because Poorsina does not offer anything new in his papers. In particular, he does not offer up allegations that would address the deficiency identified in the

Court's order granting the defendants' motion to dismiss: the lack of an antitrust injury. *See* Dkt. No. 107.

**IT IS SO ORDERED.**

Dated: April 4, 2023

VINCE CHHABRIA
United States District Judge